619 A.2d 556

**STATE of Maryland**

v.

**Lynn S. CHERTKOV.**

**No. 835, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Feb. 2, 1993.

Certiorari Granted May 13, 1993.

Carolyn J. McElroy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellant.

Michael D. Citren (Kenneth R. West and Abrams, West & Storm, P.C., on the brief), Bethesda, for appellee.

Argued before GARRITY, FISCHER and MOTZ, JJ.

GARRITY, Judge.

In this matter, we shall examine whether, without the consent of both parties to a criminal action, a sentencing judge, who has agreed to be bound by a plea agreement, may, after a portion of the sentence has been served, reconsider and alter the sentence.

As a result of an extensive criminal investigation involving over $1,000,000 in fraudulent Medicaid payments, appellee-defendant, Lynn S. Chertkov, was charged with one count of misdemeanor Medicaid fraud and one count of conspiracy to commit felony Medicaid fraud. On April 25, 1992, appellee entered pleas to the charges, was convicted on both counts by the Circuit Court for Montgomery County (Mitchell, J.) and was sentenced according to the terms of the plea agreement. This appeal arises from subsequent revision of the plea agreement by the sentencing judge.

## ISSUES PRESENTED

The following issues will be considered on appeal:
1. Whether the State is entitled to maintain this appeal;
2. Whether the court erred in revising the defendant's sentence after the defendant had entered into a binding plea agreement.

## FACTS

Following protracted plea negotiations, the State of Maryland, appellant, and Lynn Chertkov, appellee, executed a pre-indictment plea agreement [1] that provided that appellee would plead guilty and nolo contendere to Medicaid fraud and conspiracy charges, respectively, in Montgomery Coun-

---

1. The agreement, which was patterned after standards recommended by the American Bar Association, is a binding plea agreement under Md.Rule 4–243(a)(6). Although not specifically articulated regarding appellee's agreement, the "ABA plea agreement" was, however, stated in the hearing concerning the pleas of appellee's co-defendants, Keith Wagner (the appellee's husband at the time) and Montgomery County Family Life Center. We assume for purposes of this case that appellee's plea agreement was also intended to be an ABA plea.

ty, and would receive the sentence specified in a written plea agreement.[2]

The parties presented the written plea agreement to Judge Mitchell, who subsequently agreed to hear the plea. In open court, the State informed the sentencing judge that the plea agreement contemplated a specific disposition to be ordered by the court. The court advised appellee that the disposition set forth in the plea agreement would be imposed on her if the plea were accepted. Appellee voluntarily and knowingly tendered pleas according to the agreement; the court accepted them and imposed the agreed sentence of three years, with all but 179 days of home detention suspended, 1,500 hours of community service, and five years probation.

Appellee timely filed a Motion for Reconsideration. Upon completion of her period of home detention, she asked the court to rule on that motion, requesting that the court vacate the convictions in favor of probation before judgment. The State asked the court to uphold the sentence contemplated by the plea agreement, arguing that the agreed sentence was binding upon the parties and the court as a matter of law. The court, agreeing with appellee that reconsideration of sentence without the consent of the State was not barred and that it could exercise revisory power over its sentence, granted appellee's request by striking the convictions and reducing the sentence of appellee granting probation before judgment.

## DISCUSSION OF LAW

### I. State's Right to Appeal

■ *Dotson v. State*, 321 Md. 515, 583 A.2d 710 (1991), establishes that a binding plea agreement, coupled with Md.Rule 4–243(c)(3), has the force and effect of law. Appel-

---

2. The State had indicated that if Ms. Chertkov's case was not resolved by a plea agreement, indictments would be requested in Baltimore City, and the trial would take place in that venue.

lant alleges that in this case, by reconsidering and subsequently reducing the sentence, the trial judge failed to sentence appellee pursuant to the binding plea agreement. Thus, appellant asseverates, the sentence was illegal.

Appellee asks this Court to dismiss the State's appeal, contending that the State improperly brought the appeal since the offenses charged do not require specific mandatory sentences by the Code.

We believe that the appellee's argument in support of dismissal is based on a narrow reading of § 12–302(c)(2) of the Md.Cts. & Jud.Proc. Article. That section holds that an appeal will lie where the trial judge fails to "impose the sentence specifically mandated by the Code." Appellee's interpretation of this is that a sentence is not illegal unless the court's order falls outside the minimum or maximum punishment specified in the statute prohibiting the charged conduct.

This is not the status of the law in Maryland. A sentence does not need to violate an express statutory provision to trigger the State's appellate rights. Under authority of *State v. Cardinell,* 90 Md.App. 453, 601 A.2d 1123, *cert. granted,* 327 Md. 129, 607 A.2d 947 (1992), the State may note an appeal pursuant to Md.Cts. & Jud.Proc. Code Ann. § 12–302(c)(2) if the sentence imposed violates mandatory sentencing provisions of the Code or if the imposition of sentence is not in conformity with the Maryland Rules of Procedure.

Thus, we hold that if a sentence is required to be imposed and it is not, then the State may exercise its right to appeal the illegal sentence. *Dotson v. State, supra; State v. Thurmond,* 73 Md.App. 686, 536 A.2d 128 (1988).

## II. Reconsideration of Sentence

Appellee asserts that at common law (now codified in Md.Rule 4–345(b)), a sentencing court had the inherent power to modify its own sentence as long as it did not increase its punishment and acted during the term in which

the decision was made. *See United States v. Benz,* 282 U.S. 304, 306–7, 51 S.Ct. 113, ——, 75 L.Ed. 354 (1931); *Collins v. State,* 69 Md.App. 173, 192–93, 516 A.2d 1015 (1986). The State asseverates on appeal, however, that while the above assertions are generally true, because of the restrictions under which the plea was accepted in accordance with Md.Rule 4–243(a)(6), the trial court is required to impose and uphold a sentence mandated by a binding plea agreement. Although conceding that the appellee is entitled to a hearing on sentence modification, as this particular plea agreement did not expressly prohibit it, the State contends that, without the agreement of both parties, the court erred by reconsidering and reducing appellee's sentence, which was based on a binding plea agreement.

■ A plea agreement is a contract between the defendant and the State. *Ogonowski v. State,* 87 Md.App. 173, 182–83, 589 A.2d 513 (1991); *Rojas v. State,* 52 Md.App. 440, 444, 450 A.2d 490 (1982). The conditional obligations between the parties generally involve the defendant waiving his or her right to trial in return for charging and/or sentencing considerations by the State. *Custer v. State,* 86 Md.App. 196, 199, 586 A.2d 51 (1991), *citing Gray v. State,* 38 Md.App. 343, 356, 380 A.2d 1071 (1977), *cert. denied,* 282 Md. 732 (1978).

■ In a refinement of general plea agreement law, Md.Rule 4–243(a)(6) permits the parties to a plea agreement to process a so-called "binding" plea agreement, or one which contemplates "a particular sentence, disposition, or other judicial action to a judge for consideration pursuant to section (c) of this Rule." Section (c) provides in pertinent part:

 (1) **Presentation to the Court.**—If a plea agreement has been reached pursuant to subsection (a)(6) of this Rule for a plea of guilty or nolo contendere which contemplates a particular sentence, disposition, or other judicial action, the defense counsel and the State's Attorney shall advise the judge of the terms of the agreement

when the defendant pleads. The judge may then accept or reject the plea and, if accepted, may approve the agreement or defer decision as to its approval or rejection until after such presentence proceedings and investigation as the judge directs.

(2) **Not Binding on the Court.**—The agreement of the State's Attorney relating to a particular sentence, disposition, or other judicial action is not binding on the court unless the judge to whom the agreement is presented approves it.

(3) **Approval of Plea Agreement.**—If the plea agreement is approved, the judge shall embody in the judgment the agreed sentence, disposition, or other judicial action encompassed in the agreement or, with the consent of the parties, a disposition more favorable to the defendant than that provided for in the agreement.

■ A trial court that is presented with a binding plea agreement may initially approve or reject its terms. Once the court approves the plea bargain and accepts the plea, however, it is required by law to impose a sentence that complies with that plea bargain or, with the consent of the parties, a disposition more favorable to the defendant than that provided for in the agreement. That this requirement is necessary is easily understood once the benefit of certainty that plea agreements serve is considered.

In *Dotson v. State*, 321 Md. at 523, 583 A.2d 710, the Court of Appeals held that a judge's acceptance of a binding plea agreement restricts the court's sentencing discretion thereafter, stating:

When the judge accepted the pleas, the agreement as to punishment came into full bloom; it stood approved by the judge. *Thereafter, the agreement was inviolate*, and the judge was required under the dictate of Rule 4–243(c)(3) to embody in the judgment the agreed sentence. Our rules have the force of law. (Emphasis added).

*Id.* at 523, 583 A.2d 710.

In *Dotson*, the sentencing judge accepted a plea agreement that guaranteed the defendant a maximum sentence

of fifteen years, but expressly allowed him to argue for a lesser term of incarceration. Dotson failed to persuade the trial court that a lesser sentence was appropriate. He then petitioned for review by a three judge panel, which gave him a sentence of more than fifteen years. On appeal, the Court overturned the review panel's increased sentence, holding that a new sentencing maximum of fifteen years had been created "by reason of the intervention of the plea agreement" and the operation of Rule 4–243(c)(3).

 The rationale of *Dotson* and the legal effect of Rule 4–243(c)(3) are dispositive in this case. Under *Dotson* and Rule 4–243(c)(3), the acceptance of a binding plea agreement creates new legal boundaries within which the defendant's sentence must fall. As we held in *Smith v. State*, 80 Md.App. 371, 375, 563 A.2d 1129 (1989), in agreeing to accept the terms of a Rule 4–243 plea agreement, a sentencing judge relinquishes that area of his discretion that lies outside the agreement's terms.

"As a general rule, once a judge has accepted a guilty plea and bound the defendant to it, the sentencing judge cannot refuse to carry through the bargain that induced the pleas," *citing United States v. Blackwell*, 694 F.2d 1325 (D.C.Cir.1982).

Judge Adkins, speaking for this Court in *Banks v. State*, 56 Md.App. 38, 51, 466 A.2d 69 (1983), observed that "[p]lea bargaining plays an indispensable role in the administration of criminal justice," quoting *Sweetwine v. State*, 42 Md. App. 1, 13, 398 A.2d 1262 (1979), *aff'd Sweetwine v. State*, 288 Md. 199, 421 A.2d 60 *cert. denied*, 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980). He explained:

One of the reasons the process works effectively is the element of certainty it lends to the criminal justice system. From the public perspective, it may well be advantageous for the prosecutor to exchange the uncertainty of conviction following trial for the certainty of conviction produced by a guilty plea, even when a plea agreement includes some provision in mitigation of potential sen-

tence. From the defense viewpoint, it may be equally advantageous to give up the possibility of acquittal following trial for the certainty of a relatively lenient disposition included as part of a plea agreement. We recognized the importance of this "certainty" aspect of plea bargaining, and the adverse effect its loss would have on the process, in our *Sweetwine:* "If the prosecutor cannot rely upon the plea bargain, the potential 'chilling effect' upon the very institution of plea bargaining could be devastating." 42 Md.App. at 12 [398 A.2d 1262]. Similar results could ensure if the defendant were unable to rely upon the bargain.

*Banks,* 56 Md.App. at 52, 466 A.2d 69. *See Poole v. State,* 77 Md.App. 105, 120 n. 7, 549 A.2d 417 (1988).

The appellate courts of this State have recognized that plea agreements may indeed benefit the courts, the prosecution, the defendant, the victim, and the general public. The legal effect of Rule 4–243 is that the acceptance of a binding plea agreement creates new legal limits within which the defendant's sentence must fall.

■ Thus, the sentencing judge in this case, by accepting the Rule 4–243 plea agreement proposing "a particular sentence," relinquished his discretion to reduce the defendant's sentence *absent the consent of the State,* and was required to sentence the defendant according to the plea agreement's terms. The passage of time and the defendant's right, if any, to reconsideration of her sentence do not expand or alter the judge's sentencing discretion once it has been thus limited by the plea agreement and Rule 4–243. Just as the three judge review panel in *Dotson* was bound by the trial judge's approval of the plea agreement in its consideration of Dotson's sentence, so is the judge in this case bound by his own prior approval of the plea agreement.

Since the plea agreement unquestionably provides for the defendant's conviction on both the felony and misdemeanor counts, the trial court's April 27, 1992 order striking the

convictions and imposing probation before judgment was improper.

Finally, it is apparent that the State, as well as a defendant, is entitled to receive the benefits of certainty in plea bargaining, and may seek enforcement of a plea agreement's terms and conditions. To hold otherwise would profoundly weaken the integrity of and work to devastate the plea bargaining process.

JUDGMENT REVERSED; CONVICTIONS AND SENTENCES TO BE REINSTATED; COSTS TO BE PAID BY APPELLEE.