642 A.2d 232

Lynn S. CHERTKOV

v.

STATE of Maryland.

No. 29, Sept. Term, 1993.

Court of Appeals of Maryland.

June 9, 1994.

---

Michael D. Citren, Kenneth R. West, Eric J. Posner, Abrams, West & Storm, P.C., all on brief, Bethesda, for petitioner.

Carolyn J. McElroy, Asst. Atty. Gen., J. Joseph Curran, Jr., Atty. Gen., all on brief, Baltimore, for respondent.

Argued Before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE,* CHASANOW, KARWACKI and BELL, JJ.

BELL, Judge.

One of the questions presented by this case is whether the sentencing court may modify a sentence that it imposed pursuant to a binding plea agreement, without the consent of both parties. Before we may reach that question, however, we must first address the State's right to appeal the court's modification of sentence. Although we shall hold that the State has no such right to appeal, we shall nevertheless address the limits on a sentencing court's right to modify a sentence imposed pursuant to a binding plea agreement.

## I.

The petitioner, Lynn Chertkov, and the respondent, the State of Maryland, entered into a written pre-indictment plea

---

* McAuliffe, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

agreement contemplating a specific sentence. Pursuant to the agreement the petitioner agreed to plead guilty[1] to one count each of misdemeanor medicaid fraud and conspiracy to commit felony medicaid fraud. In exchange for those pleas, the State agreed to request the court, jointly with the petitioner, to impose concurrent three-year terms of incarceration, suspend all but 179 days, "[to] waive fines and restitution and order the defendant to perform 1500 hours of community service," and to place the petitioner on five years probation. The non-suspended sentence was to be served "on home detention with work release." The 1500 hours of community service were to be performed within four years and, until completed, the petitioner's probation would be supervised. Thereafter, the probation could be unsupervised. The State also agreed that it would not "further prosecute the defendant for any offenses related to the submission of false and fraudulent claims to the Maryland Medical Assistance Program by the Montgomery County Family Life Center, Inc.,[2] or for any alleged violations of the Maryland Tax Laws, insofar as the offense occurred prior to the execution of this plea agreement." Anticipating the possibility that a court might not "accept this agreement and be bound by its terms," the agreement provided, in that event, that the petitioner could invoke the rights set forth in Maryland Rule 4–243(c)(4)[3] and that the State could withdraw from the agreement.

---

1. The agreement specifically provided that, as to the conspiracy count, the petitioner would enter a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). That case permits a defendant to enter a guilty plea without acknowledging guilt, in view of the strength of the State's case, which the defendant feels he or she cannot meet. *Id*. at 37–38, 91 S.Ct. at 167, 27 L.Ed.2d at 171.

2. A company owned by the petitioner.

3. Maryland Rule 4–243(c)(4) provides:
   (4) *Rejection of plea agreement.*—If the plea agreement is rejected, the judge shall inform the parties of this fact and advise the defendant (A) that the court is not bound by the plea agreement; (B) that the defendant may withdraw the plea; and (C) that if the defendant persists in the plea of guilty or nolo contendere, the sentence or other disposition of the action may be less favorable than the plea agree-

As it contemplated, the written plea agreement was submitted to a judge of the Circuit Court for Montgomery County, who subsequently approved it. Upon being satisfied that the petitioner's guilty pleas were entered knowingly and voluntarily, the court embodied as its judgment, the specific dispositions set out in the plea agreement.

The petitioner timely filed a motion for reconsideration of sentence.[4] Although the motion was filed, and a hearing was requested within 90 days, the petitioner did not seek an immediate hearing, preferring its deferral until a later date. That later date occurred after the petitioner had completed the service of the unsuspended portion of her sentence. At that time, she filed another pleading, captioned "Defendant's Motion for Reconsideration Pursuant to Article 27 § 641," in which she requested the court to strike the previously entered guilty findings and impose probation before verdict pursuant to Maryland Code (1957, 1992 Repl.Vol.) Article 27 § 641.[5] Determining, and so holding, that, under the circumstances, reconsideration of sentence was not barred, the court granted the relief requested, over the State's objection.

The State filed a timely appeal to the Court of Special Appeals. That court reversed the judgment of the circuit court. *State v. Chertkov*, 95 Md.App. 104, 619 A.2d 556 (1992). It rejected the petitioner's argument that the State had no authority to appeal. *Id.* at 109, 619 A.2d at 558. The court

---

ment. If the defendant persists in the plea, the court may accept the plea of guilty only pursuant to Rule 4–242(c) and the plea of nolo contendere only pursuant to Rule 4–242(d).

**4.** Maryland Rule 4–345(b) provides, in pertinent part, that "The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition ... in a circuit court, whether or not an appeal has been filed."

**5.** Maryland Code (1957, 1992 Repl.Vol.) Art. 27 § 641(a)(1)(i) permits a court that is "satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, [to] stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate."

also determined that the trial court had no authority to modify a sentence pursuant to a binding plea agreement. *Id.* at 113, 619 A.2d at 560. We granted the petitioner's petition for writ of certiorari.

## II.

The parties agree that the State's right to appeal is controlled by Maryland Code (1973, 1989 Repl.Vol.) § 12–302 of the Courts and Judicial Proceedings Article. *See* § 12–301, which provides:

> Except as provided in section 12–302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended.

Section 12–302(c)(2) provides:

> (c) In a criminal case, the State may appeal as provided in this subsection.
>
>    *     *     *     *     *     *
>
> (2) The State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code.

The State does not argue that the State could appeal even in its absence. The petitioner argues that the State had no authority whatsoever to appeal the trial court's modification of her sentence. She reasons that section 12–302(c)(2) restricts the State's right of appeal to direct appeals from the court's imposition of a sentence in conflict with that mandated by the Code, *i.e.*, a sentence that does not fall within the minimum or maximum sentence prescribed by law. Inasmuch as the State's appeal is not "from the trial court's order, after the verdict, which imposes a sanction in a criminal case," *Telak v. State,* 315 Md. 568, 575, 556 A.2d 225, 228 (1989), and, in any event, neither of the counts to which she pled guilty requires a

mandatory sentence, the petitioner asserts that "in granting probation before judgment dispositions, the court did not violate the Code, and § 12–302(c)(2) did not give the State the right to appeal the trial court's decision."

In reaching the opposite conclusion, the Court of Special Appeals proceeded from a different premise: *"Dotson v. State,* 321 Md. 515[, 583 A.2d 710] (1991), establishes that a binding plea agreement, coupled with Maryland Rule 4–243(c)(3), has the force and effect of law." *Chertkov,* 95 Md.App. at 108, 619 A.2d at 558. Thus, the court reasoned that:

> A sentence does not need to violate an express statutory provision to trigger the State's appellate rights. Under authority of *State v. Cardinell,* 90 Md.App. 453, [460,] 601 A.2d 1123, [1126,] *cert. granted,* 327 Md. 129, 607 A.2d 947 (1992) the State may note an appeal pursuant to Md.Cts. & Jud.Proc.Code Ann. § 12–302(c)(2) if the sentence imposed violates mandatory sentencing provisions of the Code or if the imposition of sentence is not in conformity with the Maryland Rules of Procedure.

*Id.* at 109, 619 A.2d at 538.[6] It held, therefore, that where "a sentence is required to be imposed and it is not, then the State may exercise its right to appeal the illegal sentence." *Id.* Given the tack taken by the Court of Special Appeals, with which the State totally agrees, it is of no consequence that the appeal the State took was not a direct appeal, but an appeal from an order granting collateral relief from the sentence.

---

6. Although acknowledging that its right of appeal is supported by *Cardinell v. State,* 90 Md.App. 453, 601 A.2d 1123, *cert. granted,* 327 Md. 129, 607 A.2d 947 (1992), argued in this Court on November 5, 1992, the State's view is that "the paths leading to the State's right to appeal are far less clearly marked" in that case. State's brief at 10 (footnote omitted). In *Cardinell,* the Court of Special Appeals upheld the State's right to appeal pursuant to Maryland Code (1973, 1989 Repl.Vol.) § 12–302(c)(2) of the Courts and Judicial Proceedings Article if the sentence ultimately imposed violates mandatory sentencing provisions of the Code or was imposed in a manner not in conformity with the Maryland Rules. 90 Md.App. at 460, 601 A.2d at 1126. Alternatively, the court held that, under the common law, it had the power to review a contention that a lower court exceeded its jurisdiction. *Id.*

The petitioner gets the better of the argument. The trial court sentenced the petitioner in accordance with the parties' plea agreement. That sentence was not illegal and, hence, the State, could not allege at that time, "that the trial judge failed to impose the sentence specifically mandated by the Code, or in conformity with the Maryland Rules of Procedure." That allegation could only have been made after the trial court modified the sentence. That occurred long after the appeal time for challenging the original sentence had expired. But, by enacting

> Ch. 49 of the Acts of 1976, the General Assembly legislated with respect to direct appeals from judgments in criminal cases. The new language was placed in those sections of the Code dealing with direct appeals from final judgments disposing of cases. The General Assembly did not legislate with reference to collateral challenges or motions to correct illegal sentences or what is now Maryland Rule 4–345(a).[7] The Legislature did not authorize an appeal from the denial of a motion to correct an illegal sentence; it authorized an appeal from the final judgment in the criminal case.

*Telak,* 315 Md. at 576, 556 A.2d at 229.[8]

Prior to the enactment, in 1973, of section 12–302(c), as part

---

**7.** That section permits the court to correct an illegal sentence at any time.

**8.** In *Telak v. State,* 315 Md. 568, 556 A.2d 225 (1989), having found the defendant guilty of driving while intoxicated and negligent driving, the trial court struck the guilty verdicts and, notwithstanding that the defendant had previously received such a disposition, imposed probation before judgment, pursuant to Maryland Code (1957, 1987 Repl. Vol.), Art. 27 § 641. *Id.* at 569, 556 A.2d at 225. Rather than file an appeal, the State moved to correct an illegal sentence. That motion was denied, prompting the State's appeal, which, however, was filed more than 30 days after the court's order. We held that the appeal was untimely, noting that the final judgment was the order imposing the probation disposition, not the order denying the State's motion to correct an illegal sentence. *Id.* at 570, 556 A.2d at 226.

Rather than move to correct an illegal sentence, as in *Telak,* in the case *sub judice,* the State opposed the petitioner's motion to modify a legal sentence. Because it contends that the modification rendered a

of Code revision,[9] *see* Ch. 2 of the Acts of the First Extraordinary Session of 1973, the predecessor to § 12–302(c)(2), *see State v. Hannah,* 307 Md. 390, 398–99, 514 A.2d 16, 20 (1986); *Schilling v. State,* 320 Md. 288, 293–94, 577 A.2d 83, 85–86 (1990), the State was authorized "to appeal where there was an 'illegal' sentence." *Hannah,* 307 Md. at 398–99, 514 A.2d at 20, (discussing *State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974) and the legislative history of section 12–302(c) as they relate to the State's right to appeal an illegal sentence). When, however, section 12–302(c) became effective, this Court observed that it "placed in serious question, if it did not completely eliminate, the State's right to appeal an illegal sentence as recognized in the earlier cases and reiterated in *Sonner*." *Id.* at 399, 514 Md. at 20. Moreover, with its enactment, present section 12–302(c)(2) "specifie[d] the type of illegality which must be alleged for the State to be entitled to appeal." *Telak,* 315 Md. at 574, 556 A.2d at 228. And it did so clearly and unambiguously; when it referred to a failure to impose the sentence specifically mandated by the Code, it was not referring to the Maryland Rules or anything else other than the statutory law of this State. There is no justification, therefore, for expanding the meaning of section 12–302(c)(2) to encompass more.

Neither *Dotson,* upon which the Court of Special Appeals relied, nor *Thurmond v. State,* 73 Md.App. 686, 536 A.2d 128 (1988), upon which the State now relies, is apposite. *Dotson* involved a defendant's appeal of an illegal sentence pursuant to § 12–302(f), which permits appeal when a sentence review

---

once legal sentence illegal, the State's appeal nevertheless seeks correction of an alleged illegal sentence.

It does not matter that, in *Telak,* the issue was the appealability of a District Court judgment. The language of section 12–401(a), permitting appeals from District Court judgments, is identical to that contained in section 12–302(c)(2), authorizing appeals from circuit court judgments. *See* 315 Md. at 573, 556 A.2d at 227.

**9.** Effective January 1, 1974, § 12–302(c) provided in its entirety: "In a criminal case, the state may appeal only from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, or inquisition in a criminal case."

panel increases the defendant's sentence. *Dotson,* 321 Md. at 521 n. 4, 583 A.2d at 713 n. 4. In *Thurmond,* the State's direct appeal alleged that the court failed to impose the enhanced sentence prescribed by Art. 27 § 643B. 73 Md.App. at 690, 536 A.2d at 131.

By modifying the sentence, the court did not act *sans* jurisdiction, in any event. It has long been well established that, in Maryland, trial courts have inherent power to modify their judgments both in civil and criminal cases. *Madison v. State,* 205 Md. 425, 431, 109 A.2d 96, 99 (1954); *State v. Butler,* 72 Md. 98, 100, 18 A. 1105, 1106 (1890). *See also United States v. Benz,* 282 U.S. 304, 306–07, 51 S.Ct. 113, 114, 75 L.Ed. 354, 356 (1931). Initially, the power existed only during the term in which the order was entered. That power is now codified in Maryland Rule 4–345(b). *See Madison,* 205 Md. at 431, 109 A.2d at 99. Furthermore, the modified sentence fell within the permitted range of sentences for the particular offense; but for the plea agreement, the modified sentence would be immune from attack on illegality grounds. Consequently, it is quite clear that the court's modification of its sentence, notwithstanding its effect on a binding plea agreement, is not illegal in the sense that the court acted without jurisdiction. *See Powell v. State,* 324 Md. 441, 445–46, 597 A.2d 479, 481–482 (1991). *See also State ex rel. Sonner v. Shearin,* 272 Md. 502, 526, 325 A.2d 573, 586 (1974); *First Federated, Com. Tr. v. Commissioner,* 272 Md. 329, 335, 322 A.2d 539, 543 (1974).

### III.

Ordinarily our decision to dismiss the appeal would end our inquiry. When, however, the matter raised, and which we cannot reach because of our ruling on a threshold issue, is one of substantial importance, *see Thanos v. State,* 332 Md. 511, 521, 632 A.2d 768, 772 (1993); *Montgomery County v. McNeece,* 311 Md. 194, 200, 533 A.2d 671, 674 (1987), we will make an exception. Plea bargaining is a significant, if not critical, component of the criminal justice system. *See Dot-*

*son,* 321 Md. at 516–19, 583 A.2d at 710–711; *State v. Brockman,* 277 Md. 687, 692–93, 357 A.2d 376, 380–381 (1976); *Banks v. State,* 56 Md.App. 38, 51–52, 466 A.2d 69, 75–76 (1983). Consequently, we will express our views concerning whether a binding plea agreement precludes a trial court from modifying a sentence imposed pursuant to it.

Maryland Rule 4–243, as pertinent, provides:

(a) *Conditions for agreement.*—The defendant may enter into an agreement with the State's Attorney for a plea of guilty or nolo contendere on any proper condition, including one or more of the following:

      *     *     *     *     *     *

(6) That the parties will submit a plea agreement proposing a particular sentence, disposition, or other judicial action to a judge for consideration pursuant to section (c) of this Rule.

      *     *     *     *     *     *

(c) *Agreement of Sentence, Disposition, or Other Judicial Actions.*

(1) *Presentation to the court.*—If a plea agreement has been reached pursuant to subsection (a)(6) of this Rule for a plea of guilty or nolo contendere which contemplates a particular sentence, disposition, or other judicial action, the defense counsel and the State's Attorney shall advise the judge of the terms of the agreement when the defendant pleads. The judge may then accept or reject the plea and, if accepted, may approve the agreement or defer decision as to its approval or rejection until after such pre-sentence proceedings and investigation as the judge directs.

(2) *Not binding on the court.*—The agreement of the State's Attorney relating to a particular sentence, disposition, or other judicial action is not binding on the court unless the judge to whom the agreement is presented approves it.

(3) *Approval of plea agreement.*—If the plea agreement is approved, the judge shall embody in the judgment the agreed sentence, disposition, or other judicial action encompassed in the agreement or, with the consent of the parties, a disposition more favorable to the defendant than that provided for in the agreement.

The rule is quite "specific as to how plea agreements contemplating a specific sentence or disposition ought to be handled." *State v. Sanders,* 331 Md. 378, 385, 628 A.2d 209, 212 (1993). Subsection (c)(2) makes clear that until the trial judge approves a plea agreement, it is not binding on the court. Conversely, and necessarily, when the court does approve a plea agreement, because it is required that the sentence or disposition it contemplates must be embodied in the court's judgment, it is. Subsection (c)(3). Indeed, the court may impose a disposition more favorable to the defendant only if the parties agree. *Id. See also Dotson,* 321 Md. at 523, 583 A.2d at 714 (citations omitted), in which it is stated:

When the judge accepted the pleas, the agreement as to punishment came into full bloom; it stood approved by the judge. Thereafter, the agreement was inviolate, and the judge was required under the dictate of Rule 4–243(c)(3) to embody in the judgment the agreed sentence. Our rules have the force of law.

The petitioner argues that plea agreements ought to be strictly construed, that is, limited to their express terms. To do otherwise, she contends, is to overlook a defendant's right to have his or her sentence reconsidered as the rules permit and, in this case, the fact that she was never advised that by entering into the plea agreement she forewent that right. Moreover, she asserts, the parties are always free to include in the plea agreement a provision limiting the defendant's right to seek reconsideration of the bargained sentence. The petitioner finds persuasive on this issue, federal cases in which motions for reconsideration of plea bargained sentences were held properly to have been granted. *See, e.g., U.S. v. Semler,* 883 F.2d 832 (9th Cir.1989) and *U.S. v. McDowell Contractors, Inc.,* 668 F.2d 256 (6th Cir.1982), both interpreting Fed.

R.Crim.P. 35(b) (modification of sentence) and discussing its relationship to Fed.R.Crim.P. 11(e)(1)(c) (plea agreements).

Maryland law is to the contrary. We recently addressed the effect of the trial court's approval of a binding plea agreement. *See Dotson, supra.* In that case, the trial court approved a plea agreement which capped the defendant's sentence at 15 years imprisonment.[10] Consistent with the plea agreement, the court sentenced the defendant to two concurrent 15 year terms. A sentencing review panel, convened at the defendant's petition, modified the sentences by making the 15 year terms run consecutively, thus increasing the sentence. We reversed, holding that the review panel's sentence was illegal. As relevant to the issue *sub judice,* we explained:

> The convictions here ... were obtained by guilty pleas tendered under a plea agreement. The aspect of the agreement which motivated the pleas was that if they met the required criteria for acceptance, the judge would impose a sentence not to exceed a total of 15 years. The agreement did not preclude Dotson from seeking a lesser sentence but bound the judge firmly into the imposition of a sentence of not more than a total of 15 years. As we have indicated, the judge found the pleas to be acceptable, convicted Dotson thereunder and honored the agreement as to the punishment. When the judge accepted the pleas, the agreement as to punishment came into full bloom; it stood approved by the judge. Thereafter, the agreement was inviolate, and the judge was required under the dictate of Rule 4–243(c)(3) to embody in the judgment the agreed sentence. Our rules have the force of law.... It follows, that, inasmuch as 15 years was the harshest sentence that could be imposed under the circumstances, 15 years stood as the maximum allowable by law.

---

**10.** As originally proposed, the State would have capped the sentence at 18 years, but the defendant held out for 15, which the court ultimately agreed to impose. Under both scenarios, the defendant was given the right to argue for a lesser sentence. *Dotson v. State,* 321 Md. 515, 519, 583 A.2d 710, 712 (1991).

321 Md. at 523, 583 A.2d at 713–714. The Court also commented on the effect that a contrary holding would have on the institution of plea bargaining: it "would violate the sanctity of the plea agreement process and seriously undermine the principles on which that process is based. If a defendant could not rely upon the plea bargain, the chilling effect upon the very institution of plea bargaining would be devastating." *Id.* at 524, 583 A.2d at 714. Furthermore, the Court noted that allowing the plea agreement to be violated, even if not by the trial judge, "would be inconsistent with the standard of fair play and equity." *Id.,* quoting *Brockman,* 277 Md. at 697, 357 A.2d at 376.

The facts in *Dotson* do not limit the applicability to the case *sub judice* of the considerations underlying that decision. That it was critical in *Dotson* that the violation of the plea agreement prejudiced the defendant does not mean that a violation of a plea agreement that prejudices the State is beyond the reach of principles of fairness and equity or that the institution of plea bargaining cannot be adversely affected. Just as a defendant would be loathe to participate in plea bargaining if he or she could not be certain that the bargain that he or she made would be fulfilled, so too would the State. There would be no incentive for the State to engage in plea bargaining if it were possible for a defendant to enter into a binding plea agreement only to have the sentence contemplated by that agreement modified a short time later. Nor would it be fair to the State, which is, after all, one of the parties to the agreement. *See* Rule 4–243(a).

This case presents a stronger case than *Dotson* for holding a binding plea agreement to be inviolate. In this case, unlike in *Dotson,* the same judge who accepted the petitioner's pleas and approved the plea agreement calling for "a particular sentence" modified that sentence at the behest of the petitioner. From *Dotson* and Rule 4–243(c)(3), it is clear that a court that binds itself to fulfill the plea agreement thereby relinquishes his or her right to modify the sentence, thereby imposed, absent the consent of the parties, and, in particular, in the case of reducing the sentence, absent the consent of the

State. If a three judge panel, acting pursuant to a different authority, cannot violate the binding aspect of a plea agreement, certainly the judge who approved the agreement and imposed the sentence cannot.[11]

*APPEAL DISMISSED.*

*COSTS TO BE PAID BY MONTGOMERY COUNTY.*

---

**11.** The only reason that the defendant was permitted to seek review of his sentence in *Dotson* was because the plea agreement itself provided that a sentence less than the cap could be imposed and that the defendant could argue for that lesser sentence. Thus, as this Court recognized, "[u]nder the facts and circumstances of this case, he enjoyed the right to seek review of the sentence without risk of the imposition of a greater sentence." *Dotson,* 321 Md. at 525, 583 A.2d at 715. Had the plea agreement been for a specific disposition, the defendant would not have had any right to seek a review of his sentence without the consent of the State. Maryland Rule 4–243(c)(3).