701 A.2d 1221

**STATE of Maryland**

v.

**Dilante Antonio WHEELER.**

**No. 186, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Nov. 4, 1997.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Jack B. Johnson, State's Atty. for Prince George's County, Upper Marlboro, on the brief), for Appellant.

No brief or appearance by appellee's counsel.

Argued before CATHELL, EYLER and THIEME, JJ.

CATHELL, Judge.

The State of Maryland appeals from a judgment of the Circuit Court for Prince George's County that sentenced the defendant, in violation of Md.Code (1954, 1996 Repl.Vol.), Art.

27, § 286(f), to a twenty year term of incarceration, suspended the sentence, placed the defendant on supervised probation for five years, then committed the defendant to a drug treatment program pursuant to Md.Code (1982, 1994 Repl.Vol., 1996 Supp.), § 8–507 of the Health–General Article. The State, alleging that the sentence imposed was improper, appeals pursuant to section 12–302(c)(2) of the Courts and Judicial Proceedings Article, which provides: "The State may appeal from a final judgment if the State alleges that the trial court failed to impose the sentence specifically mandated by the Code." We shall vacate the sentence imposed by the trial court.

## The Facts

Dilante Antonio Wheeler, appellee, pled guilty to distribution of over sixteen ounces of phencyclidine (PCP) in violation of Article 27, Section 286(f)(1)(vi) and to use of a handgun in relation to a drug trafficking crime, in violation of Article 27, Section 281A(b) of the Maryland Code. At a 13 April 1995 hearing, appellee pled guilty to the distribution and handgun charges. He agreed that if the case were to go to trial, the State would be able to prove the facts contained in the Statement of Probable Cause. The Statement of Probable Cause provided:

> On 11/10/94, at approximately 4:40 PM., TF[O] Paulk arrived at the predetermined location at the Exxon gas station located at the intersection of Forestville Road and Marlboro Pike, Prince Georges County[,] MD. At approximately 4:45 PM the defendant ... arrived at this location and met with TFO Paulk. The defendant produced from within his clothing a 16 oz. quantity of PCP which was exchanged with TFO Paulk for the sum of $5,200.00. The defendant ... then fled the area and w[as] subsequently arrested. The defendant was found to be in possession at the time of the narcotic transaction a semi auto .25 cal. handgun. TFO Paulk knows the above schedule II drug to be phencycl[i]dine (PCP) from his training and experience. While the def.

was fleeing from the arrest team he discarded the handgun. The handgun was then seized.

The State's Attorney supplemented these facts at the hearing, adding that the substance purchased from appellee was in fact phencyclidine and the amount seized was sixteen and one-half ounces. The State's Attorney also noted that the handgun seized from appellee was operable.

Appellee was sentenced on 10 January 1997. The trial court sentenced appellee to twenty years' imprisonment on each count, suspended the sentence, and placed appellee on supervised probation for five years. The court also found appellee to be drug dependent and committed him to an inpatient drug treatment facility pursuant to section 8–507 of the Health–General Article.

The State presents a single issue on appeal: "Did the court below render an illegal sentence?"

## Discussion

In order properly to resolve the case sub judice, we must examine two closely related questions:

A. May a trial court sentence a defendant to twenty years imprisonment for violating section 286(f) of Article 27 and then suspend all of the sentence?

B. Does a trial court have the discretion to commit a defendant who violated section 286(f) of Article 27 to drug treatment prior to the imposition of the mandatory sentence?

We answer both questions in the negative and shall vacate the trial court's sentence.

 The resolution of these two questions involves the construction of section 286(f) of Article 27. The ultimate goal of statutory construction is to ascertain and effect the intent of the Legislature. *Armstead v. State*, 342 Md. 38, 56, 673 A.2d 221 (1996); *Clark v. State*, 115 Md.App. 208, 211, 692 A.2d 949, cert. granted, 346 Md. 632, 697 A.2d 915 (1997). In determining legislative intent, we first examine the language of the statute itself. *Armstead*, 342 Md. at 56, 673 A.2d 221; *State v.*

*Thompson,* 332 Md. 1, 6–7, 629 A.2d 731 (1993). The words of the statute should be given their ordinary and common meaning. "Giving the words their ordinary and common meaning in light of the full context in which they appear, and in light of external manifestations of intent or general purpose available through other evidence,' normally will result in the discovery of the Legislature's intent." *Harris v. State,* 331 Md. 137, 146, 626 A.2d 946 (1993) (quoting *Dickerson v. State,* 324 Md. 163, 170–71, 596 A.2d 648 (1991)); see also *McNeil v. State,* 112 Md.App. 434, 451, 685 A.2d 839 (1996)(quoting *Harris).* We may also consider extrinsic evidence of legislative intent such as amendments that took place to the statute during the legislative process, the statute's relationship to prior legislation, judicial interpretation or treatment of other statutes dealing with a similar subject matter, and "other material that fairly bears on the fundamental issue of legislative purpose or goal." *Wynn v. State,* 313 Md. 533, 539, 546 A.2d 465(1988)(quoting *Kaczorowski v. City of Baltimore,* 309 Md. 505, 525 A.2d 628 (1987)). With these principles in mind, we shall examine section 286 and in particular subsection f.

## A. Suspension of the Sentence

■ The pertinent provisions of section 286 provide:

(a) Except as authorized by this subheading, it is unlawful for any person:

(1) To manufacture, distribute, or dispense, or to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance....

(b) Any person who violates any of the provisions of subsection (a) of this section with respect to:

. . . .

(2) Phencyclidine . . . is guilty of a felony and is subject to imprisonment for not more than 20 years, or a fine of not more than $20,000, or both.

. . . .

(f)(1) If a person violates subsection (a)(1) of this section and the violation involves any of the following controlled dangerous substances, in the amounts indicated, the person is subject to the penalties provided in paragraph (3) of this subsection upon conviction: ...

(vi) 16 ounces or more of phencyclidine in liquid form....

....

(3)(i) A person convicted of violating paragraph (1) of this subsection is guilty of a felony and shall be sentenced as otherwise provided for in this section, except that it is mandatory upon the court to impose no less than 5 years' imprisonment, and neither that term of imprisonment nor any part of it may be suspended.

In the case sub judice, the trial court sentenced appellant to a twenty-year term of incarceration for violating section 286(f) of Article 27. The court then suspended that sentence and placed appellee on supervised probation for a period of five years. The State contends the trial court erred in failing to impose the mandatory sentence under section 286(f)(1). We agree.

Appellee pled guilty to possessing over 16 ounces of PCP with intent to distribute in violation of section 286(f) of Article 27. A person found to have violated section 286(f) "shall be sentenced as otherwise provided for in this section, except that it is mandatory upon the court to impose no less than 5 years' imprisonment, and neither that term of imprisonment nor any part of it may be suspended." Art. 27, § 286(f)(3)(i).

A person who violates section 286(f), by violating section 286(a)(1) in specified drug amounts, is sentenced pursuant to the other applicable provisions of section 286. Section 286(b)(2) is the applicable sentencing provision for distribution of PCP. Under this section, a violation of section 286(a) is punishable by up to twenty years' imprisonment, or a $20,000 fine, or both. Section 286(f), however, provides that at least five years of any prison sentence imposed under section 286(b)(2) is mandatory if the violation of section 286(a) involves sixteen ounces or more of PCP. The plain language of

the statute indicates the Legislature intended to punish more severely persons who are manufacturing, distributing, or dispensing certain controlled dangerous substances in large quantities.

We note other evidence that is in accord with the legislative intent gleaned from the plain language of the statute. In *Anderson v. State*, 89 Md.App. 712, 717–18, 599 A.2d 861 (1991), we noted:

> Section 286(f)(1)(v) is part of the "Drug Kingpin Act" of 1989. The impetus for the bill, SB 400/HB 502, came from the Governor's office. Section 286(f)(1)(v) is part of "The Distribution of Large Quantities Component." The Briefing Document that accompanied SB 400/HB 502 states, at p. 5:
>
> > "This component recognizes that there needs to be some distinction made between the individual who handles a substantial volume of drugs as compared to the person who handles a minimal amount. It also attempts to give the courts guidance with regard to the severity of possessing a certain level of a controlled dangerous substance. To help law enforcement officers have an impact upon the volume drug dealer, this component does the following:
> >
> > —It distinguishes the volume drug dealer from the street corner dealer by establishing a mandatory minimum penalty of 5 years in jail for the possession of certain threshold quantities of a controlled dangerous substance. The substances identified in the legislation are the same as those currently included in the Drug Importation Statute." [Footnote omitted.]

As the plain language of the statute and the extrinsic evidence point out, section 286(f) of Article 27 was enacted to punish more severely persons who engage in the manufacture or distribution of a high volume of drugs. Appellee, who was a high volume dealer of PCP under the statute, was subject to a minimum, mandatory five-year prison sentence in accordance with section 286(f)(3)(i). The trial court erred in failing to sentence appellee to a mandatory five years' imprisonment.

We shall, accordingly, remand this case to the circuit court for Prince George's County in order for the trial court to impose a sentence in conformity with section 286(f)(3)(i) of Article 27. Although such a remand would normally be dispositive of an appeal, we nevertheless shall address the second important issue presented by the State in order to provide guidance on remand.

## B. Sentencing to Drug Treatment

■ The more important issue we address is whether the trial court had the discretion to commit appellee to a drug treatment facility prior to the imposition of the sentence mandated by section 286(f)(3)(i) of Article 27. The statute providing for commitment to drug treatment facilities in criminal cases is contained in the Health–General Article. The relevant provision provides:

> If a court finds in a criminal case that a defendant has an alcohol or drug dependency, the court may commit the defendant as a condition of release, after conviction, or at any other time the defendant voluntarily agrees to treatment to the Department for inpatient, residential, or outpatient treatment.

Md.Code (1982, 1994 Repl.Vol., 1996 Supp.), § 8–507 of the Health–General Article.

It is clear that section 286(f)(3)(i) of Article 27 provides for a mandatory sentence of five years' imprisonment. The issue in this case concerns the relationship between the mandatory sentence under section 286(f)(3)(i) and the discretion of the trial court to commit a criminal defendant to a drug treatment facility prior to or in lieu of the imposition of the mandatory sentence.

As we discussed supra, the plain language of section 286(f) and the extrinsic evidence indicate that the Legislature was concerned with high volume drug dealers and intended to punish such dealers more severely. The more severe punishment under that subsection includes a mandatory five-year term of incarceration. Additionally, subsection f of section

286, unlike subsection c, which we shall discuss infra, does not give the trial court discretion to commit a defendant who is in violation of subsection f to drug treatment prior to the imposition of the mandatory portion of the sentence.

Although we have not addressed the trial court's discretion to commit a defendant to drug treatment prior to the imposition of a mandatory sentence in the context of section 286(f), we have addressed the court's discretion in relation to two-time offenders who violated section 286(c). We shall examine those cases for guidance.

Section 286(c) provides:

A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years if the person previously has been convicted:

(i) Under subsection (b)(1) or subsection (b)(2) of this section;

. . . .

(2) The prison sentence of a person sentenced under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section or any combination of these offenses, as a second offender may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with Article 31B, § 11 of the Code.

(3) *This subsection does not prevent, prohibit, or make ineligible a convicted defendant from participating in the rehabilitation program under Title 8, Subtitle 5 of the Health–General Article, because of the length of sentence, if imposed under subsection (b)(1) of this section.* [Emphasis added.]

Like section 286(f), which imposes a mandatory sentence on offenders of section 286(b) in certain high volume drug amounts, section 286(c) imposes a mandatory sentence on two-time offenders of section 286(b). In *Collins v. State*, 89 Md.App. 273, 598 A.2d 8 (1991), we examined whether the trial

court had the discretion to commit a criminal defendant, who had been convicted under section 286(b)(1), to drug treatment despite the minimum mandatory sentence imposed by section 286(c)(1). We ultimately held that the trial court "had the discretion to commit appellant for drug treatment prior to the imposition of the mandatory sentence." *Id.* at 288, 598 A.2d 8. We explained:

A simple reading of the statute suggests that a second drug offender sentenced under subsection (b)(1), such as appellant, remains eligible for drug treatment under § 8–507(a) of the Health–Gen. Article. This conclusion becomes inescapable, however, upon reading the current version of subsection (c) alongside its predecessor. Prior to 1988, all subsequent drug offenses were treated similarly, whether it was the second or the seventh. Md. Code Ann. Art. 27, § 286(b)(1) (1957, 1987 Repl.Vol.), read as follows:

"(b) Any person who violates any of the provisions of subsection (a) with respect to:

"(1) A substance classified in Schedules I or II which is a narcotic drug is guilty of a felony and is subject to imprisonment for not more than 20 years, or a fine of not more than $25,000, or both. Any person who has previously been convicted under this paragraph shall be sentenced to imprisonment for not less than 10 years. The prison sentence of a person sentenced under this paragraph as a repeat offender may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with Article 31B, § 11 of the Code. This subsection does not prevent, prohibit or make ineligible any convicted defendant from participating in the rehabilitation program under Title 9, Subtitle 6 of the Health–General Article [now Title 8, Subtitle 5], because of the length of sentence."

Under this earlier version of § 286, there was no doubt that a subsequent offender was eligible for drug treatment in lieu of a mandatory sentence.

In 1988, however, in response to the greatly increased number of repeat drug offenders being prosecuted in Mary-

land, the Legislature amended Art. 27, § 286 to provide for increased penalties for third and fourth offenses. Current § 286(c) addresses second offenders, § 286(d) third offenders, and § 286(e) fourth offenders. Only § 286(c), however, contains the language of former § 286(b)(1), allowing for drug treatment which is at issue here. While previously all subsequent drug offenders had been eligible for drug treatment, it is clear that the Legislature now has made a determination that, among repeat offenders, only second offenders will remain eligible for such treatment.

This reading of Art. 27, § 286 is borne out by the legislative history of the bill. See Senate Judicial Proceedings Committee, Bill Analysis, House Bill 606 (1988), at 1:

"In the case of a second conviction, eligibility for a rehabilitation program under Title 9, Subtitle 6 [now Title 8, Subtitle 5] of the Health–General Article is not precluded because of the length of the sentence imposed if the violation involves a Schedule I or II narcotic drug."

Prior to 1988, all subsequent offenders were treated equally with respect to both sentencing and eligibility for drug treatment. See Bill Analysis, supra, at 1–2. In amending § 286, the Legislature increased the mandatory penalties for third and fourth offenders and eliminated their eligibility for drug treatment. The mandatory sentence for second offenders, however, remained the same and the only conclusion that can be drawn from the retention of the language now in subsection (c)(3) is that a second offender's eligibility for drug treatment remained unchanged as well. To read the statute differently would render the current version of subsection (c)(3) meaningless. Statutes should be construed "so that no part is rendered surplusage, superfluous, meaningless or nugatory.'" *Montgomery County v. McDonald,* 68 Md.App. 307, 317, 511 A.2d 560 (1986), quoting *Baltimore Building and Constr. Trades Council v. Barnes,* 290 Md. 9, 15, 427 A.2d 979 (1981).

. . . .

Applying our reading of the statute to this case, we hold that the trial court erred in holding that it had no discretion

to sentence appellant to drug treatment in lieu of the mandatory sentence. Appellant has one prior drug conviction and she was sentenced under Art. 27, § 286(b)(1). As such, she remains eligible for drug treatment pursuant to § 8–507(a) of the Health–Gen. Article. [Brackets in original, footnotes omitted.]

*Collins*, 89 Md.App. at 291–93, 598 A.2d 8.

The Court of Appeals, in *State v. Thompson*, 332 Md. 1, 3, 629 A.2d 731 (1993), examined "whether a defendant, who is committed to a drug treatment center pursuant to Maryland Code (1982, 1990 Repl.Vol.), § 8–507 of the Health–General Article and successfully completes the program of treatment, is required to serve the balance of the mandatorily imposed minimum sentence of incarceration prescribed by Maryland Code (1957, 1992 Repl.Vol.), Article 27, § 286(c)(1)." Commenting on our holding in Collins, now Chief Judge Bell noted: "It held that a trial court has the discretion, under section 286(c)(3), to commit a second time drug offender to treatment prior to the imposition of the mandatory sentence." *Thompson*, 332 Md. at 9, 629 A.2d 731. In concluding that a defendant who successfully completes a drug rehabilitation program was not required to serve the remainder of his or her mandatory sentence imposed pursuant to section 286(c)(1), the Court commented that "[o]nce it has been determined that section 286(c)(3) provides the trial court with discretion to utilize section 8–507 as a sentencing option, what happens to a defendant committed pursuant to that section is controlled by the procedure therein prescribed." *Id.* at 11, 629 A.2d 731.

We note both *Collins* and *Thompson* recognize that when a criminal defendant violates a subsection of section 286 of Article 27 that provides for a mandatory sentence, he or she, once sentenced, is not eligible for treatment prior to the serving of the mandatory portion of the sentence. Both cases also recognize that in order to commit a defendant to drug treatment pursuant to the Health–General Article prior to the imposition of the mandatory sentence under section 286(c), a statutory provision must give the trial court discretion to do so. For a second-time drug offender sentenced to a mandato-

ry term of incarceration pursuant to section 286(c)(1), it is section 286(c)(3) that provides the court with such discretion. Section 286(c)(3) provides: "This subsection does not prevent, prohibit, or make ineligible a convicted defendant from participating in the rehabilitation program under Title 8, Subtitle 5 of the Health–General Article, because of the length of sentence, if imposed under subsection (b)(1) of this section."

It is clear that subsection f of section 286, under which appellant was sentenced, does not contain a provision like 286(c)(3) that would give the trial court discretion to commit a criminal defendant to drug treatment prior to the imposition of the mandatory sentence. Based on the plain language of section 286(f) and a comparison to section 286(c)(3), which gives the trial court discretion as to individuals sentenced pursuant to section 286(c)(1), we hold that the trial court does not have discretion to sentence a defendant, who violated section 286(f), to drug treatment prior to the serving of the mandatory portion of the sentence. Accordingly, the trial court erred in sentencing appellant to drug treatment prior to the serving of the mandatory five year sentence.[1]

**SENTENCE VACATED; CASE REMANDED FOR RE-SENTENCING IN ACCORDANCE WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.**

---

1. Due to the resolution of this issue, we shall not address the sentencing of appellee pursuant to section 281A of Article 27, which also provides for a mandatory sentence, or the rescinding of the commitment order issued by the trial court on 22 January 1997, after appellee absconded from drug treatment. We merely note that the method by which the trial court attempted to rescind appellee's sentence was improper.