705 A.2d 1164

**Eric Lewis CLARK**

v.

**STATE of Maryland.**

**No. 61, Sept. Term, 1997.**

Court of Appeals of Maryland.

Feb. 19, 1998.

Denise Oakes Shaffer, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Petitioner.

Annabelle L. Lisic, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and ROBERT L. KARWACKI, Judge (retired), Specially Assigned.

CHASANOW, Judge.

In the instant case we are called upon to determine whether the Court of Special Appeals erred in its judgment affirming the sentencing court's decision that it lacked jurisdiction to rule on the merits of Petitioner's request to participate in a drug treatment program pursuant to Maryland Code (1982, 1994 Repl.Vol.), Health–General Article, § 8–507 (hereinafter "§ 8–507") because Petitioner's request was filed more than

ninety days after Petitioner's sentence was imposed. We affirm the judgment of the intermediate appellate court.

## I.

On February 25, 1994, Petitioner, Eric Lewis Clark, pled guilty in the Circuit Court for Queen Anne's County to violations of Md.Code (1957, 1992 Repl.Vol.) Art. 27, § 286 (possession of cocaine with intent to distribute) and Art. 27, § 36B (wearing, carrying, or transporting a handgun). Petitioner was sentenced to a total of seventeen years imprisonment on April 13, 1994. On June 20, 1994, Petitioner filed a motion requesting modification of his sentence which was denied on July 1, 1994. Petitioner later filed a motion on March 21, 1996, pursuant to § 8–507, requesting permission to participate in a drug treatment program. The circuit court considered Petitioner's motion to be a request for modification of sentence. Because Petitioner's request was filed more than ninety days after Petitioner's sentence was imposed, the court dismissed the motion for lack of jurisdiction. *See* Maryland Rule 4–345(b). The Court of Special Appeals affirmed the circuit court's judgment in a reported opinion. *Clark v. State,* 115 Md.App. 208, 692 A.2d 949 (1997). On August 27, 1997, this Court issued a writ of certiorari in the instant case.

## II.

Relevant in this case, § 8–507(a) provides:

"If a court finds in a criminal case that a defendant has an alcohol or drug dependency, the court may commit the defendant as a condition of release, after conviction, or at any other time the defendant voluntarily agrees to treatment to the Department for inpatient, residential, or outpatient treatment."

In the instant case, the Court of Special Appeals held that § 8–507 could not "serve ... as an independent basis for court-ordered drug treatment for inmates." *Clark,* 115 Md. App. at 217–18, 692 A.2d at 954. The intermediate appellate court further held that Md. Rule 4–345(b) "governs when a

defendant can be committed to a drug treatment facility as part of his or her sentence." *Clark*, 115 Md.App. at 218, 692 A.2d at 954. Maryland Rule 4–345(b) provides:

"The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition . . . in circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule. The court may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of the sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding."

Petitioner contends § 8–507 "clearly says: ' . . . the court may commit the defendant as a condition of release, after conviction, *or at any other time the defendant voluntarily agrees to treatment* to the Department for inpatient, residential, or outpatient treatment,' . . . (emphasis added)," and thus the circuit court is permitted to commit an incarcerated individual to drug treatment even if the ninety-day period for modification of sentence pursuant to Md. Rule 4–345 has expired. Petitioner contends that the plain language of § 8–507, the legislative history of drug treatment statutes and common sense require reversal of the judgment of the Court of Special Appeals. Petitioner argues that, if § 8–507 is construed as the Court of Special Appeals construed it, the language "at any other time the defendant voluntarily agrees to treatment" would be rendered superfluous.

On the other hand, the State argues that the language of § 8–507 is not superfluous when read in context with other provisions. Maryland Code (1982, 1994 Repl.Vol.), Health–General Art., §§ 8–505 through 8–507 address court-ordered evaluation and treatment of defendants. Specifically, § 8–505 provides that a court may order the Department of Health and Mental Hygiene "before or during a criminal trial or prior to sentencing . . . to determine whether, by reason of drug or

alcohol abuse, the defendant is in need of and may benefit from treatment." Section 8–506 provides the procedure for the commitment of a defendant for evaluation, and § 8–507 provides the procedure for commitment for treatment. When § 8–507 is read in the context of these subsections, the State asserts, § 8–507 "permits a court to commit a defendant after conviction but prior to imposition of a sentence, or, by reference back to Section 8–505, at any time before or during a criminal trial."

In our view, the resolution of the issue in the instant case involves an analysis of Maryland's drug treatment laws in order to determine the legislature's intent in drafting and enacting such laws. The goal of statutory construction is to discern and effectuate the intent of the legislature at the time it drafted and enacted the statute. *Harris v. State*, 331 Md. 137, 145, 626 A.2d 946, 950 (1993). "Our inquiry into legislative intent begins with the words of the statute and, ordinarily, will also end there." *Id.* By giving the words their ordinary and common meaning " 'in light of the full context in which they appear, and in light of external manifestations of intent or general purpose available through other evidence,' " however, we may discover the legislature's intent. *Dickerson v. State*, 324 Md. 163, 170–71, 596 A.2d 648, 651–52 (1991) (quoting *Cunningham v. State*, 318 Md. 182, 185, 567 A.2d 126, 127 (1989)). A bill's title, amendments that occurred as the bill passed through the legislature, and a bill's relationship to earlier and subsequent legislation may assist us in determining the intent of the legislature. *Harris*, 331 Md. at 146, 626 A.2d at 950. We now turn to the legislative history of § 8–507.

Over thirty years ago, the legislature recognized that drug addiction had become a serious problem in the United States and enacted Maryland's first drug treatment statute. Chapter 376 of the Acts of 1966 (adding § 306B to Art. 27); *see also State v. Thompson*, 332 Md. 1, 13, 629 A.2d 731, 737 (1993). Enacted to provide a method of sentencing for drug addicts, § 306B stated that "a court after conviction may suspend the

sentencing of any narcotic addict found guilty of violating the provisions of this subheading and commit to any appropriate institution, hospital or any other facility in the State for the treatment of narcotic addicts." Ch. 376 of the Acts of 1966.

In 1969, the legislature repealed § 306B and enacted Art. 43B, which was entitled the "Comprehensive Drug Abuse Control and Rehabilitation Act" (the Act). Ch. 404 of the Acts of 1969. In order to combat the growing crime problem, the legislature believed it was necessary to address the root causes of criminal behavior. Summary of Committee Report of the Senate Judicial Proceedings Committee, Senate Bill 74 of 1986. Thus, one of the Act's stated purposes included the treatment of drug addicts. *See* Ch. 404 of the Acts of 1969. Regarding the commitment of certain individuals to the Drug Abuse Authority (the Authority), the Act created three categories. *Id.* Section 9 pertained to persons not charged with or convicted of a crime. Sections 12 and 13 concerned persons convicted of a crime and persons serving sentences in correctional institutions, respectively. Specifically, § 12(a) of Ch. 404 of the Acts of 1969 provided:

"Upon conviction of a defendant of any crime in any court of this State having competent jurisdiction, if it appears to the presiding judge by any reason that the defendant may be a drug addict, and the judge elects to proceed herein, such judge shall adjourn the proceedings, suspend the imposition of sentence, and order the State's Attorney to file a petition in the Circuit Court for that judicial district instituting a civil proceeding for the commitment of the defendant to the care and custody of the Authority."

Upon the approval of the State Parole Board, § 13 permitted an inmate serving a sentence in any correctional institution in Maryland "who deems himself a drug addict [to] institute a proceeding for commitment to the Authority by voluntarily filing a petition with the circuit court for the judicial district where such penal or correctional institution is situated." *Id.*

The legislature later repealed Art. 43B in its entirety and enacted the Health–General Article. Ch. 21 of the Acts of

1982. Transferring §§ 9, 12 and 13 of Art. 43B to Title 9, subtitle 6, of the new Health–General Article, however, the legislature retained the three categories regarding the commitment of certain individuals to the Drug Abuse Administration (the Administration) for drug treatment without substantive change. *Id.* Part IV, §§ 9–629 through 9–636, governed the commitment of a defendant convicted of a crime. *Id.* Specifically, § 9–630 provided:

> "If it appears to a court that a defendant who has been convicted of, but not yet sentenced for a crime, may be a drug addict or if the defendant notifies the court of a desire to be committed to the Administration, the court may order that a petition for commitment be made."

*Id.* As for the commitment of an inmate in a correctional institution for drug treatment, the legislature enacted Part V, §§ 9–637 through 9–643. *Id.* Section 9–638 provided that if an inmate in a Maryland correctional institution believed he or she was a drug addict the inmate could, upon the approval of the Maryland Parole Commission, file a petition to be committed to the Administration in the circuit court for the county in which the correctional institution was located. *Id.*

In 1986, the legislature repealed §§ 9–637 through 9–643. Ch. 844 of the Acts of 1986. At that time, however, the legislature did not reenact a corresponding section providing inmates the opportunity to petition the court for commitment to drug treatment. *See id.* The legislative history indicates that one of the purposes of the bill repealing §§ 9–637 through 9–643 was to relieve the burden that the commitment procedure placed on the circuit courts.[1] Summary of Committee Report of the Senate Judicial Proceedings Committee, Senate

---

1. Prior to 1984, few inmates were committed to the Administration as the Maryland Parole Commission would not authorize commitment for an inmate who the Commission believed was not ready for parole. Summary of Committee Report of the Senate Judicial Proceedings Committee, Senate Bill 74 of 1986. As a result of Chapter 102 of the Acts of 1984, however, the Commission no longer had the responsibility of approving an inmate's filing of a petition for commitment to a drug treatment program, and the number of such petitions filed by inmates increased.

Bill 74 of 1986. In addition, it appears that the safety of society in general was considered by the legislature as dangerous inmates could take advantage of § 9–638 and obtain early release into the community for drug abuse treatment. In the Committee Report on Senate Bill 74, the Senate Judicial Proceedings Committee summarized:

"It has become apparent that [§§ 9–637 through 9–643] give[ ] an inmate an opportunity for an 'end run' around the original sentence. This provision, in effect, allows another judge to reconsider the sentence and change the judgment and order of confinement upon a finding of drug addiction, thereby releasing the inmate from a secure correctional institution to outpatient treatment."

Moreover, the Conference of Circuit Judges indicated its support of Senate Bill 74 stating that §§ 9–637 through 9–643 provided inmates a mechanism for " 'early release' outside the statutory and regulatory parole procedures," believing that to be an "unintended statement of public policy" by the legislature. Conference of Circuit Judges, Position on Senate Bill 74 at p. 2. The Conference further noted that, after an inmate is sentenced to incarceration, the Judiciary should be relieved from further oversight of the inmate with regard to his or her release from confinement on parole or to the Administration. *Id.* When a trial judge has considered a defendant's drug addiction and nevertheless sentenced the defendant to incarceration, the Conference concluded, drug treatment should occur within correctional institutions, or under the supervision of the Parole Commission after an inmate's release, and should not be a method of gaining early release. *Id.*

In 1988, §§ 9–629 through 9–636 of the Health–General Article regarding drug treatment for those convicted of a crime, but not sentenced, were transferred by the legislature to §§ 8–629 through 8–636 with few changes. Ch. 758 of the Acts of 1988. Finally, in 1989, the legislature repealed §§ 8–629 through 8–636 and enacted § 8–507 which provides for the commitment of criminal defendants for both drug and alcohol treatment and has remained essentially the same through the present. Ch. 782 of the Acts of 1989.

Based on the legislative history of Maryland's drug treatment statutes, we believe the legislature did not intend, after 1986, to provide inmates with a mechanism for early release by obtaining court-ordered commitment to drug or alcohol treatment programs other than in conjunction with the existing methods of reconsideration of sentences. If the legislature intended to grant inmates such an opportunity, the legislature would have expressly provided a method of petitioning the court as it did from 1969 until §§ 9–637 through 9–643 were repealed in 1986.

The legislature also likely recognized that a void had been left in the legislation by not providing for the drug or alcohol treatment of inmates when it enacted Title 8, subtitle 6A, entitled "Alcohol Abuse and Drug Abuse Treatment for Inmates" in 1996. Chs. 670 and 671 of the Acts of 1996 (now codified as Md.Code (1982, 1994 Repl.Vol., 1997 Supp.), Health–General Art., § 8–6A–01 and § 8–6A–02). In enacting subtitle 6A, the legislature noted that alcohol and drug abuse treatment programs constitute a good investment of public funds and yield a significant return. *Id.*; *see also* House Bill 620. Section 8–6A–01(b) provides:

> "Except as otherwise provided in subsection (c) of this section, an inmate who is determined by a physician licensed under § 14–301 of the Health Occupations Article or a mental health professional who has a master's degree in a mental health field and has expertise in the treatment of substance abuse to have an alcohol or drug dependence shall be placed in an appropriate alcohol abuse and drug abuse treatment program under the supervision of the physician or the mental health professional."

Section 8–6A–01(c) further provides that an inmate will be placed in a treatment program only if he or she consents in writing. An "inmate" is defined as "a person detained in a State correctional facility." § 8–6A–01(a)(3). Prior to 1986 when the legislature repealed §§ 9–637 through 9–643, an inmate who wished to take advantage of a drug treatment program had to petition the court to be committed. Unlike the previous statutes concerning the commitment of inmates

to drug treatment programs, § 8–6A–01 does not provide a role for the courts in the screening and placement of inmates in drug treatment programs. Thus, we conclude that after 1986 the legislature provided no mechanism whereby an inmate, such as Petitioner, could obtain court-ordered commitment to a drug treatment program.

Furthermore, there are policy reasons indicated in the legislative history which support the result in this case. First, after a defendant is sentenced and incarcerated, corrections officials are in a better position than the trial court to determine whether an inmate should be placed into a drug treatment program. In addition, judicial economy strongly dictates that inmates be excluded from the commitment procedure of § 8–507. Allowing inmates, such as Clark, to petition the court for commitment to drug treatment pursuant to § 8–507 would lead to a flood of petitions by inmates in the circuit courts. This result would defeat the express purpose of repealing §§ 9–637 through 9–643 in 1986: to relieve the burden that the inmate commitment procedure placed on the circuit courts. *See* Summary of Committee Report of Senate Judicial Proceedings Committee, Senate Bill 74 of 1986.

Finally, Petitioner refers to *Thompson,* 332 Md. at 11, 629 A.2d at 736, in which this Court characterized § 8–507 as a "sentencing option." Because § 8–507 is a sentencing option, Petitioner's request to be placed in a drug treatment program is limited by the time constraints for modification or reduction of sentence contained in Rule 4–345. This result does not render § 8–507's language "at any other time the defendant voluntarily agrees to treatment" superfluous as Petitioner contends. Reviewing § 8–507 in light of its full context and legislative history, we construe the language "at any other time the defendant voluntarily agrees to treatment" to include anytime pursuant to a motion filed within the ninety-day period the court has revisory power over a sentence pursuant to Rule 4–345. We believe the Court of Special Appeals summed it best:

"[T]he time limit set forth in Maryland Rule 4–345(b) governs when a defendant can be committed to a drug treat-

ment facility as part of his or her sentence. A court may commit the defendant to a drug treatment facility upon conviction. H.G. § 8–507(a). If the court does not commit the defendant to a drug treatment facility at that time, a court can still modify its sentence and commit a defendant to a drug treatment program, if a timely motion is filed within ninety days after conviction. Maryland Rule 4–345(b). It does not matter when the court acts on such a timely filed motion, only that it be filed timely. After the 90 day period expires without a motion being filed, the court has no authority to amend a sentence, unless the sentence involved 'fraud, mistake, or irregularity.' Maryland Rule 4–345(b). Because none of these circumstances was alleged in appellant's motion, the circuit court correctly dismissed appellant's motion for lack of jurisdiction."

*Clark,* 115 Md.App. at 218, 692 A.2d at 954. Otherwise, § 8–6A–01 would be rendered unnecessary. The intermediate appellate court further noted that Petitioner could pursue relief under § 8–6A–01 by applying to the State Alcohol and Drug Abuse Administration. We agree.

After the ninety-day period set forth in Rule 4–345 expired in the instant case, the trial court had no authority to reduce Petitioner's criminal sentence by committing him to a drug treatment program. We find no error in the judgment of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**