811 A.2d 382

**STATE of Maryland**

v.

**Calvin Lamont WARFIELD.**

**No. 1417, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

Nov. 27, 2002.

Sarah P. Pritzlaff, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Baltimore, and Jerry Barnes, State's Attorney for Carroll County, Westminster, on the brief), for appellant.

Geraldine K. Sweeney, Assistant Public Defender (Stephen E Harris, Public Defender on the brief), Baltimore, for appellee.

Argued before DAVIS, SALMON, and RAYMOND E. BECK, SR., (specially assigned), JJ.

DAVIS, Judge.

Appellant, the State of Maryland, requests relief from an order entered in the Circuit Court for Carroll County (Galloway, J.) granting a modification of sentence more than ninety days beyond the date sentence was passed upon appellee, Calvin Lamont Warfield. Appellee had been sentenced under the subsequent drug offender statute, Md.Code Ann., art. 27, § 286, mandating a ten-year sentence. The sentence was modified to allow entry into a drug treatment program.

Appellant filed the instant appeal, raising the question rephrased as follows:

Did the trial court err in modifying the original sentence to allow drug treatment where the request for modification was made more than ninety days after the sentence was imposed, in contravention of Maryland Rule 4–345(b), and where there was no finding of fraud, mistake, or irregularity in the original sentencing?

Appellee timely filed a Motion to Dismiss the Appeal, raising two questions as follows:

I. Does the State have a right to appeal in this case?

II. Assuming, *arguendo,* that the State has a right to appeal in this case, is its appeal premature?

We answer appellee's first question in the negative and therefore do not reach his second question; we grant the motion to dismiss the appeal.

## FACTUAL BACKGROUND

Appellee was tried and convicted as a subsequent drug offender by way of a bench trial on November 20, 1996. On February 4, 1997, he was sentenced to a mandatory ten-year sentence under art. 27, § 286(c), at which time the lower court specifically chose not to include drug treatment in the sentence even though it was at liberty to do so. A motion for reduction of sentence was timely filed on April 3, 1997 and denied the same day.

On March 9, 2001, appellee filed a request to change sentence structure. After an evaluation of appellee by the Department of Health and Mental Hygiene (DHMH) and a hearing on August 13, 2001, the lower court granted the request, committing appellee to the DHMH for residential treatment with an order prohibiting release from treatment without consultation with the issuing judge.

## LEGAL ANALYSIS

The central dispute in the case *sub judice* is the right of the State to appeal under the circumstances described above. Appellee concedes and appellant concurs that the lower court

erred in modifying appellee's sentence based upon a motion filed well past the ninety-day period provided for in Maryland Rule 4–345. However, appellee argues in his motion to dismiss that the State has no right to appeal and therefore has no means of relief regarding the improper action.

Appellant argues that its right to appeal is based upon Md.Code (2002 Repl.Vol.), Cts. & Jud. Proc. (C.J.) § 12–302(c)(2), which provides that "[t]he State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code." Appellant argues that the proper interpretation of the term "Code" includes the Maryland Rules and thus it should be able to appeal the action of the lower court in the case *sub judice*.

Prior to the enactment of C.J. § 12–302 the State had a common law right to appeal an action by a judge that exceeded his authority. *State Ex Parte rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974). Subsequent to enactment of the statute, the Court of Special Appeals, in *State v. Cardinell,* 90 Md.App. 453, 601 A.2d 1123 (1992), ruled that the legislature must have intended the term "Code" to include the Maryland Rules, otherwise they could be violated with impunity. The Court of Appeals disagreed with the Court of Special Appeals regarding the definition, stating that "Code" does not include Rules, but found that the enactment of the statute did not extinguish the common law right to "appeal an action that was outside the jurisdiction of the lower court." *Cardinell v. State,* 335 Md. 381, 398, 644 A.2d 11 (1994). Just prior to the decision of the Court of Appeals in *Cardinell,* it also found, in *Chertkov v. State,* 335 Md. 161, 168–69, 642 A.2d 232 (1994), that the term "Code" does not include the Maryland Rules.

More recently, the Court of Appeals overturned its previous ruling in *Cardinell,* finding that the codification of the right to appeal a criminal sentence extinguished the common law right. *State v. Green,* 367 Md. 61, 785 A.2d 1275 (2001). The *Green* Court, however, addressed a situation in which the authority to sentence was exceeded. In a footnote, it specifically chose not to address a violation of the Maryland Rules. A concur-

ring opinion criticized the Court for not resolving the issue and argued that "Code" should include the Rules, allowing the State the right to appeal. *Id.* at 84–85, 785 A.2d 1275.

In overruling *Cardinell,* the Court of Appeals proclaimed in *Green:*

> Today, we announce that the State does not, under Maryland law, enjoy a common law right to appeal an allegedly illegal criminal sentence, thus, overruling our prior decision in *Cardinell.* In reaching this conclusion, we acknowledge that, ordinarily, under the doctrine of *stare decisis,* a court's previous decisions should not be lightly set aside. As we explained in *Townsend v. Bethlehem–Fairfield Shipyard, Inc.,* 186 Md. 406, 417, 47 A.2d 365, 370 (1946):
>
>> "It is a well recognized and valuable doctrine that decisions, once made on a question involved in a case before a court, should not thereafter be lightly disturbed or set aside (except by a higher court). This is because it is advisable and necessary that the law should be fixed and established as far as possible, and the people guided in their personal and business dealings by established conclusions, not subject to change because some other judge or judges think differently."
>
> . . .
>
> Cognizant as we are of the important policies behind the doctrine of *stare decisis,* we nonetheless are satisfied that our decision today is the right one. Never before *Cardinell,* or since, has this Court recognized the common law right to appeal discovered by the *Cardinell* majority. We are convinced that *Cardinell* was wrongly decided. Accordingly, today's ruling corrects that error and establishes once and for all that there is now no common law right of appeal under Maryland law.

*Green,* 367 Md. at 78–79, 785 A.2d 1275.

It is noteworthy that, in *Green,* the State claimed that it had a right of appeal pursuant to C.J. § 12–302(c)(2) and the Court held that such a right of direct appeal did exist. Courts &

Jud. Proc. § 12–302(c)(2) provides that in any criminal case "[t]he State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code." The State, in *Green*, had argued that the petitioner's initial sentence pursuant to Md. Ann.Code (1996 Repl.Vol., 2002 Supp.), art. 27 § 643B(c) was a mandatory sentence and not subject to modification. Accordingly, the State argued that the circuit court had no authority to modify the sentence by committing the petitioner to the Department of Health and Mental Hygiene, pursuant to Md.Code (2000 Repl.Vol.), Health–Gen. (H.G.) § 8–507. Alternatively, the State averred that the circuit court lacked authority to modify the sentence because more than ninety days had passed after sentencing and thus the modification was untimely under Maryland Rule 4–345(b).

The *Green* Court agreed with the State, holding that the original sentence was mandatory; citing *Jones v. State,* 336 Md. 255, 647 A.2d 1204 (1994), the Court further held that prior decisions of the Court made clear that once the predicate requirements for imposition of the § 643B(c) sentencing provisions have been established, a sentencing court has no choice but to impose the mandatory minimum penalty prescribed. *Green,* 367 Md. at 82–83, 785 A.2d 1275.

Relying on *Clark v. State,* 348 Md. 722, 705 A.2d 1164 (1998), the State argues that the Court of Appeals had concluded that "the trial court had no authority to reduce [p]etitioner's criminal sentence by committing him to a drug treatment program." *Id.* at 732, 705 A.2d 1164. The Court of Appeals in *Clark* observed that the time limit set forth in Maryland Rule 4–345(b) governs when a defendant can be committed to a drug treatment facility as part of his or her sentence. It does not matter when the circuit court acts on a motion filed within ninety days after conviction, the Court held, but there is no authority to amend a sentence when a motion is filed after the ninety-day period expires unless the sentence involved fraud, mistake, or irregularity.

Pointing to the fact that appellant's motion, in the case *sub judice*, was filed more than four years after his sentencing on February 4, 1997, the State argues that *Clark* is controlling.

The issue we must address in this appeal is the State's right *vel non* to appeal. In *Clark*, the petitioner entered a guilty plea for possession of cocaine with intent to distribute and wearing, carrying, or transporting a handgun and received a sentence of seventeen years' imprisonment on April 13, 1994. Subsequent to the denial of his motion on June 20, 1994 requesting a modification of sentence, petitioner filed, on March 21, 1996, a motion pursuant to H.G. § 8–507, requesting permission to participate in a drug treatment program. Finding that petitioner's request was filed more than ninety days after his sentence was imposed, the court dismissed the motion for lack of jurisdiction. The petitioner had claimed, in *Clark*, that the circuit court is permitted to commit an incarcerated individual to drug treatment even if the ninety-day period for modification of sentence pursuant to Maryland Rule 4–345 has expired, citing the language of H.G. § 8–507, which provides " . . . the court may commit the defendant as a condition of release, after conviction, *or at any other time the defendant voluntarily agrees to treatment* to the Department [of Health and Mental Hygiene] for inpatient, residential, or outpatient treatment." (Emphasis added.) The *Clark* Court ultimately held:

> If the court does not commit the defendant to a drug treatment facility at that time [when convicted], a court can still modify its sentence and commit a defendant to a drug treatment program, if a timely motion is filed within ninety days after conviction. Maryland Rule 4–345(b). It does not matter when the court acts on such a timely filed motion, only that it be filed timely. After the 90[-]day period expires without a motion being filed, the court has no authority to amend a sentence, unless the sentence involved "fraud, mistake, or irregularity." Maryland Rule 4–345(b). Because none of these circumstances was alleged in appellant's motion, the circuit court correctly dismissed appellant's motion for lack of jurisdiction.

*Clark,* 348 Md. at 732, 705 A.2d 1164 (quoting *Clark v. State,* 115 Md.App. 208, 218, 692 A.2d 949 (1997)).

Thus, the task before the Court of Appeals, in *Clark,* was to glean the legislative intent in the drafting of Maryland's drug treatment laws as expressed in H.G. § 8–507. No mention was made of the State's right to appeal in *Clark.*

As we have noted, the Court of Appeals in *Green* held that the State had a right of appeal pursuant to C.J. § 12–302(c)(2) because the sentence imposed was specifically mandated by the code. The State's assignment of error rests on the premise that the action of the circuit court in modifying appellee's sentence more than ninety days after sentencing constitutes a failure to impose the sentence specifically mandated by the code. Although Judge Wilner, in his concurring opinion, joined in by Judge Harrell, expressed the view that the *Green* Court should have squarely addressed the issue, *Green* unquestionably overruled the *Cardinell* Court's recognition of the common law right of appeal. As a consequence of the Court's decision in *Green,* the State's alternative argument that "Code" includes the Maryland Rules remains a question most recently answered by *Chertkov.*

In the case *sub judice,* any right that the State may have to appeal must rest on C.J. § 12–302(c)(2), allowing such an appeal only in the circumstances where the trial judge failed to impose the sentence "specifically mandated by the Code." [1]

---

**1.** It should be noted that appellee was sentenced under art. 27, § 286(c) which provides under subsection (3): "This subsection does not prevent, prohibit, or make ineligible a convicted defendant from participating in the rehabilitation program under Title 8, Subtitle 5 of the Health–General Article, because of the length of sentence, if imposed under subsection (b)(1) of this section." In *Green,* the Court of Appeals noted the distinction between § 286(c)(3) and § 286(f), observing, "Based on the plain language of [§ ] 286(f) and a comparison to [§ ] 286(c)(3) . . . we hold that the trial court does not have discretion to sentence a defendant, who violated [§ ] 286(f), to drug treatment prior to the serving of the mandatory portion of the sentence." *Green,* 367 Md. at 83, 785 A.2d 1275 (quoting *State v. Wheeler,* 118 Md.App. 142, 153, 701 A.2d 1221 (1997)). Thus, § 286(c)(3), by its terms, permits participation in any drug treatment program under H.G. § 8–507 by one who stands convicted of the offense for which appellant was found guilty.

No legislative enactment, i.e., art. 27, § 28(f), therefore, prohibits the court from ordering one convicted of the subsequent offense at issue into a drug treatment program; it is only the failure to timely order appellee into the program, i.e., pursuant to a motion to modify filed more than ninety days after sentence was imposed in violation of Maryland Rule 4–345, that the State may rest its claim that the court acted without authority.[2]

Although the Court of Appeals in *Green* considered addressing the question of whether the language, "mandated by the Code," found in C.J. § 12–302(c)(2) was intended to encompass the Maryland Rules, *Chertkov* had addressed the subject seven years earlier. Judge Bell (now Chief Judge), speaking for the Court, observed that Ch. 49 of the Acts of 1976 prescribed the manner of direct appeals from judgments in criminal cases. The Court specifically noted that the General Assembly did not legislate with respect to collateral challenges or motions to correct illegal sentences under present Mary-

---

Were we confronted in the case *sub judice* with a § 286(f) violation, such a violation would involve a Code violation, rather than simply a violation of Maryland Rules of Procedure.

**2.** As noted earlier, Judge Wilner, in a concurring opinion joined in by Judge Harrell, noted the failure of the majority decision to reach or address the State's alternative argument that the circuit court lacked authority to grant the petitioner's motion because it was untimely under Maryland Rule 4–345(b). The concurring opinion stated:

> I join in the Court's opinion ... in defining the word "Code" in [C.J.] § 12–302(c)(2) to include the Maryland Rules, thereby authorizing a State appeal when a circuit court exceeds the limitation on its revisory authority under Rule 4–345. The Court reserves on that question ..., but, for the guidance of the trial courts, I would not leave it hanging. The issue is an important one. It is before us in this case, and we should address it. Trial judges know that, absent a showing of fraud, mistake, or irregularity, they have no authority under Rule 4–345 to modify a lawful sentence except upon a motion filed within ninety days following imposition of the sentence. What must be made clear is, that, if they do make such a modification, in contravention of that rule, as was done both here and in *Cardinell*, the State may, and likely will, appeal, and that, upon such an appeal, absent some circumstances that I cannot now envision, the modification will be vacated.

*Green*, 367 Md. at 84–85, 785 A.2d 1275.

land Rule 4–345(a). *Chertkov* concluded that the legislature did not authorize an appeal from the denial of a motion to correct an illegal sentence, but rather only an appeal from the final judgment in the criminal case. Speaking directly to the issue before us, Judge Bell explained:

Prior to the enactment, in 1973, of [C.J.] [§ ] 12–302(c), as part of Code revision, *see* Ch. 2 of the Acts of the First Extraordinary Session of 1973, the predecessor to [C.J.] § 12–302(c)(2), ..., the State was authorized "to appeal where there was an 'illegal' sentence." When, however, [C.J.] [§ ] 12–302(c) became effective, this Court observed that it "placed in serious question, if it did not completely eliminate, the State's right to appeal an illegal sentence as recognized in the earlier cases and reiterated in *[State ex rel.] Sonner [v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974)]." Moreover, with its enactment, present [C.J.] [§ ] 12–302(c)(2) "specifie[d] the type of illegality which must be alleged for the State to be entitled to appeal." *And it did so clearly and unambiguously; when it referred to a failure to impose the sentence specifically mandated by the Code, it was not referring to the Maryland Rules or anything else other than the statutory law of this State. There is no justification, therefore, for expanding the meaning of [C.J.] [§ ] 12–302(c)(2) to encompass more.*

*Chertkov,* 335 Md. at 168–69, 642 A.2d 232 (citations and footnote omitted).

While we are certainly mindful of the holding and the emphatic concurring opinion in *Green,* the last pronouncement on the question presently before us is contained in *Chertkov.* Consequently, we are constrained to conclude that the reference in C.J. § 12–302 to the "Code" does not encompass the Maryland Rules and that, therefore, the criminal sentence imposed in the case *sub judice,* while meted out in contravention of Maryland Rule 4–345, does not give rise to the right to appeal by the State.

**APPEAL DISMISSED.**

**COSTS TO BE PAID BY CARROLL COUNTY.**

Dissenting Opinion by BECK, Judge.

I respectfully disagree with the majority in their interpretation of existing case law with regard to the State's common law right to appeal a violation of the Maryland Rules.

I will agree that the Maryland Rules are not at this time part of the Maryland Code, as a result of *Cardinell v. State,* 335 Md. 381, 398, 644 A.2d 11 (1994), and *Chertkov v. State,* 335 Md. 161, 168–169, 642 A.2d 232 (1994). I also agree that as a result of those rulings, C.J. § 13–302 cannot be a basis for the State to appeal a rule violation. However, I disagree with the majority's interpretation of *State v. Green,* 367 Md. 61, 785 A.2d 1275 (2001), stating that the Court of Appeals ruled that the common law right to appeal a Rule violation was extinguished by the enactment of C.J. § 13–302.

In *Green,* the Court merely stated that the enactment of C.J. § 13–302 extinguished the State's common law right to appeal. The action at issue was a Code violation. Whether or not the common law right to appeal a Rule violation still existed was never addressed. They expressly refused to rule as to whether violation of a Maryland Rule could be appealed under C.J. § 13–302, but as could be seen from the Wilner concurring opinion, clearly the issue was whether or not the Code includes the Rules. Because a Rule violation was not addressed by the Court of Appeals, this Court was free to find that because the Maryland Rules are not part of the Code it follows that the common law right to appeal a rule violation was not extinguished with the common law right to appeal a Code violation. If the Code and the Rules are not the same thing, then neither are the State's common law rights to appeal the Code and the Rules. One may exist while the other is extinguished.

It is inconceivable that the Legislature intended with the enactment of C.J. § 13–302 to create a situation in which the Maryland Rules can be violated with impunity. Such an action would have the effect of giving no decision finality, and no case, whether civil or criminal, a termination point. Sen-

tences could be modified at anytime despite the clear direction of Maryland Rule 4–345 to limit modification to 90 days absent a finding of fraud, mistake, or irregularity.

The Legislature has enacted no laws that specifically prohibit the State from appealing a rule violation and without such language the courts are free to, and should, preserve the common law right of the State to file such an appeal. During recent sessions of the Legislature, there has been concern regarding delayed rulings on timely filed motions to modify sentences. Some decisions have been held for years, causing the Legislature to consider a law that would limit the amount of time the decision could be held. Although no bill has yet been successful, clearly the Legislature is concerned with having finality for cases in a reasonable amount of time.

Certain rules are designed to give a judge discretion regarding strict compliance by litigants. Others provide for no discretion recognizing that they must be strictly adhered to in order for a case to proceed in an orderly and equitable fashion.

The result of the ruling here, if upheld by the Court of Appeals, could have a catastrophic effect on both the lower courts and the citizens of the State of Maryland. The Maryland Rules need no longer exist, for there would be no reason for either the courts or litigants to abide by them. The extent to which this decision could throw the lower courts into chaos is too great to even contemplate at this point.